322 S.E.2d 698

**Maryann TRUGLIO and
Frances Truglio**

v.

**John Julio and Linda JULIO.**

**Maxie FINNEGAN**

v.

**Patsy BECKLEHIMER.**

Nos. 16016, 16021.

Supreme Court of Appeals of
West Virginia.

Nov. 14, 1984.

Paula K. Silver, Wellsburg, for appellants in No. 16016.

John L. Allen and Helen Campbell Altmeyer, Bachmann, Hess, Bachmann & Garden, Wheeling, for appellees in No. 16016.

John L. Hash, Huntington, for appellant in No. 16021.

W. Stephen Flesher, Flesher & Flesher, Huntington, for appellee in No. 16021.

NEELY, Justice:

These two cases are consolidated in this opinion because they present similar issues that concern the *res judicata* effect of magistrate court judgments. The appellant in *Finnegan v. Becklehimer*, Mrs. Finnegan, attempted to dismiss her cause of action in magistrate court, after her hearing, but before judgment was rendered, in order to begin the action anew in circuit court. In *Truglio v. Julio* the appellants, Maryann and Frances Truglio, were denied the opportunity to have a proper hearing to determine whether a default judgment should be set aside. For the reasons given below, this Court holds that the principles of *res judicata* preclude the appellant in *Finnegan v. Becklehimer* from instituting a new action in the Circuit Court of Cabell County because her claim was fully adjudicated in magistrate court. In *Truglio v. Julio*, because the appellants present us with an egregious, almost Kafkaesque, set of circumstances that has denied them an opportunity to present their claim, we remand their case to the Circuit Court of Brooke County for a proper hearing.

The procedural facts are not materially disputed in either of these cases. Ms. Finnegan was bitten by Ms. Becklehimer's Doberman Pinscher dog while reading electric meters for the power company. Ms. Finnegan received a proper adversarial hearing in magistrate court. During the hearing, however, she "became apprehensive by the nature of the proceedings," and, at the conclusion of the hearings, but before the magistrate announced his verdict, Ms. Finnegan decided to consult a lawyer about her case. Her new counsel advised Ms. Finnegan, posthaste, to dismiss her complaint. Her voluntary dismissal was filed with the magistrate clerk's office four days later. Meanwhile, the magistrate's verdict was issued awarding judgment to Ms. Finnegan. Ignoring this judgment, and after unsuccessful attempts to reach an out-of-court settlement with the appellee, Ms. Finnegan filed her lawsuit again in the circuit court. The Circuit Court of Cabell County dismissed the action on *res judicata* principles because the case was previously adjudicated in the magistrate court.

In the second case, Maryann and Frances Truglio's property was damaged by the construction of a neighbor's swimming pool. The Truglio ladies filed their lawsuit in magistrate court and a hearing was held at which the appellees, but not the Truglios, were present. Maryann and Frances allege that they received no notice of the hearing until the day after it was held. They immediately contacted the magistrate who had dismissed the Truglios' action without prejudice for their failure to appear. The magistrate advised the Truglios simply to file a new suit.

When the hearing was held on the Truglios' refiled claim, they found themselves

before a different magistrate who dismissed their claim because it appeared to be still pending in the first magistrate's court. The first magistrate had delayed filing her dismissal. Undeterred, the Truglios proceeded to circuit court determined to receive a hearing on the merits of their claim. The circuit court, however, dismissed the action and stated that the original lawsuit should have been dismissed by the magistrate court *with*, instead of *without*, prejudice. Therefore, the circuit court held the appellants had no standing to maintain the action in that court.

The Truglios returned to the magistrate before whom they had failed to appear some eleven months earlier. A hearing was held on their motion to set aside the dismissal of the action (now with prejudice) for good cause. This motion was denied. Somewhat disenchanted with the onerous procedures and obvious complexity of our layman's court, the Truglios retraced their steps to the circuit court to appeal the magistrate's denial of their motion to set aside the default judgment rendered against them. The circuit court, however, refused to hear their appeal because the statute of limitations barred appeals of both the first and second magistrate verdicts.

## I

■ The magistrate courts of this state are theoretically organized to deal expeditiously with minor civil claims. The relatively informal atmosphere in these courts and the use of simple and straightforward procedures are calculated to allow laypersons to litigate small claims without costly lawyers. Although the magistrate court is not a court of record, its final judgment is binding unless overturned on appeal:

> When the merits of a controversy are once adjudicated by a court of competent jurisdiction, they are conclusively determined between the same parties as to all matters which were, or might have been litigated; and this adjudication is binding as an estoppel in all other actions between the same parties, whether com-

menced before or after the action in which the adjudication was made.

Syllabus *Johnson v. Rogers*, 110 W.Va. 232, 157 S.E. 409 (1931). Thus, one of the primary questions that an appellate court must address in reviewing magistrate court judgments is whether the litigants had an opportunity to receive a full hearing on their claim and whether the magistrate rendered a final judgment. Where these conditions are fulfilled, the judgment of a magistrate court is entitled to finality unless overturned on appeal.

Both of the cases before us now involve permutations of the same problem: a defendant appears in magistrate court and is ready and willing to proceed to trial. The plaintiff, however, either fails to appear or, appearing, concludes that she has chosen the wrong forum. In both cases, it is the action or omission of the *plaintiff* that has precipitated these appeals. In both cases the defendants are seriously inconvenienced. In *Finnigan v. Beckelhimer* the plaintiff seeks to annul a proper trial and to relitigate her case at a different time and in another place. In *Truglio v. Julio*, the plaintiffs want to bring the defendants back to trial for a full-blown hearing on the merits.

A plaintiff may well have a valid excuse for his absence from court and a plaintiff may, indeed, be better advised to have adjudicated his claim elsewhere. But that is not the point! When one litigant does come before the bench at the appointed hour, his opponent cannot be permitted an absence with impunity or, after full trial and verdict, an annulment and change of forum.

■ If we do not strictly enforce rules of finality with regard to magistrate court judgments the judicial system becomes overburdened with the juggling of crowded dockets; lawyers are inconvenienced by rescheduled trial dates; and litigants are set to great expense by a forum shift and reappearance in court on another date. For these reasons unexcused absences are highly prejudicial to the party who appears and only extenuating circumstances, such as lack of notice of the date of trial, serious illness or other well recognized instances of

"good cause" justify setting aside a default judgment. Few if any circumstances, however, justify allowing a litigant to haul his opponent into one court and then decide he ought to have proceeded elsewhere—*dies enceptus pro completo habetur.* A trial, like a day, ought to be completed.

II

When the Truglios failed to appear at the original magistrate hearing and their case was dismissed, under *W.Va.Code* 50–5–12 [1978] the appellants could have appealed the magistrate's dismissal to the circuit court directly. Acting still without the assistance of a lawyer, however, but on the advice of the magistrate, the Truglios filed a new action in the same magistrate court. This action, before a second magistrate, was also dismissed because the original magistrate had neglected to enter her order within the time allowed for entry of judgment, *W.Va.Code* 50–5–9 [1978]. The judicial merry-go-round returned the case to the original magistrate (after filing suit in the circuit court where the Truglios were denied standing). The second magistrate subsequently refused to entertain the appellants' motion to set the judgment aside for good cause. The Truglios' final plea to the circuit court, fourteen months after their first hopeful entry into magistrate court, proved fruitless because the time within which to perfect appeals under *W.Va.Code* 50–5–12 [1978] had expired. So much for the maxim *nullus recedat e curia cancellaria sine remedio*!

*W.Va.Code* 50–5–12 [1978] provides for appeals from civil judgments of magistrate courts to the circuit courts. This statute states that such appeals are a matter of right if requested not later than twenty days after the issuance of the magistrate's verdict. Appeals are also permissible up to ninety days after the verdict upon a showing of good cause to the circuit court why they were not undertaken within twenty days.

This Court normally enforces these limitations on appeals strictly and has long refused appeals from magistrate verdicts after the expiration of the ninety day period. In Syl. Pt. 4 of *Home Sewing Machine Co. v. Floding,* 27 W.Va. 540 (1886), decided under a previous but similar statute, we first stated the well-established rule:

> If the application for such appeal be not made within ninety days from the date of such judgment, the court or judge, to whom the application is made, has no authority to grant such appeal, and if in such case the appeal has been so granted, it will be dismissed as improvidently allowed.

■ However, *Home Sewing Machine Company, supra,* is not dispositive in the *Truglio* case as this Court is not presented with the typical situation in which a party has been dilatory in appealing the initial magistrate verdict. Rather, the Court is squarely presented with a situation in which the appellants never received an adequate hearing nor had a final verdict to appeal. It is obvious from the record before us that what the Truglios wanted after they missed their court date was a hearing on whether there was good cause to set the default judgment against them aside and reinstate their cause of action. The Truglios reasonably relied to their detriment on the advice of the magistrate before whom they originally failed to appear who had entered an order dismissing their action without prejudice. If that action was dismissed without prejudice, the Truglios were entitled to file a new complaint.

In the *Truglio* case this Court is not presented with a situation in which the opposing party is unduly inconvenienced by Maryann and Frances' failure to appear in court. The record reveals that the Truglios at all times have been eager to present their case for a hearing on the merits, but have been consistently thwarted by lack of notice of their original hearing date, perfunctory dismissals, and possibly incorrect legal advice from a magistrate.

■ Maryann and Frances Truglio are entitled to show cause why they failed to keep the original appointment in magistrate court. This they should have done in circuit court on appeal of the default judgment rather than filing their case anew in magistrate court. The circuit court erred

twice. On the Truglios' first appearance, Maryann and Frances should have been permitted to present the reasons for their failure to appear. At the appellants' second appearance the circuit court incorrectly refused to hear the appeal and disregarded the reasons the Truglios failed to file an appeal within the statutory period. The statutory period within which litigants must appeal the verdicts of magistrate courts does not bar a trial *de novo* in circuit court after the ninety-day period has expired when the litigants have acted in utmost good faith and their failure to proceed is exclusively the result of the court system's ineptitude. *See, Bailey v. State Workmen's Compensation Commissioner*, 170 W.Va. 771, 296 S.E.2d 901 (1982).

### III

 In the second of these two cases the appellant, Ms. Finnegan, received a full and fair hearing in the magistrate court. Ms. Finnegan chose not to consult a lawyer for advice until after her case was heard and both parties had presented their evidence. The reason for her request to dismiss her cause of action was that she wished to move to the circuit court where there is no jurisdictional limit on the amount of recovery. This court agrees with the appellee in *Finnegan v. Becklehimer* that a proper magistrate court decision bars the subsequent relitigation of a lawsuit in circuit court, *Johnson v. Rogers, supra.* This is not a case in which a litigant attempted to set aside a magistrate court judgment under *W.Va.Code* 50–5–10 [1976] and get a new trial in the magistrate court. Nor is Ms. Finnegan appealing the magistrate's verdict under *W.Va.Code* 50–5–12 [1978] or amending the *ad damnum* clause while her case is pending appeal. *Cordell v. Jarrett*, 171 W.Va. 596, 301 S.E.2d 227 (1982). The appellant quite simply requests this court to pretend that a valid, prior judgment of a magistrate court may be discarded because one litigant became apprehensive during the proceedings and wished the whole business could simply vanish. This Court cannot agree.

For the above reasons, the judgment of the Circuit Court of Cabell County in Case No. 16021 is affirmed but the judgment of the Circuit Court of Brooke County in Case No. 16016 is reversed and remanded so that appellants Maryann and Frances Truglio might show good cause for failing to appear at their original magistrate hearing.

Case No. 16021 Affirmed.

Case No. 16016 Reversed and Remanded with Direction.