558 S.E.2d 579

STATE of West Virginia, Plaintiff
Below, Appellee,

v.

Jeffrey GASKINS, Defendant
Below, Appellant.

No. 29285.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 19, 2001.

Decided Oct. 25, 2001.

Darrell V. McGraw, Jr., Attorney General, William P. Jones, Assistant Attorney General, Charleston, for the Appellee.

Jonathan Fittro, Clarksburg, for the Appellant.

ALBRIGHT, Justice.

This case is before the Court upon an appeal by Jeffrey Gaskins (hereinafter "Appellant") from the September 28, 2000, sentencing order of the Harrison County Circuit Court, wherein Appellant's release on supervised probation was revoked and his conviction of possession of less than fifteen grams of marijuana was entered pursuant to the distinctive provisions of West Virginia Code § 60A–4–407 (1971) (Repl.Vol.2000).[1] Appellant's challenge to the circuit court's denial of his motions to withdraw his uncounseled guilty plea, to dismiss the underlying criminal charge, and to annul the sentence imposed centers primarily on the argument that the offense was time-barred when the plea was accepted.

■ Because we find that the citation charging the offense was fatally flawed due to the omission of a time within which Appellant was to appear to answer to the charges, we need not reach the assigned errors to conclude that the conviction and sentence are null and void.

## I. Factual and Procedural Background

The facts of this case are relatively sketchy. The record shows that a citation was issued to Appellant on January 15, 1998, at 11:20 p.m. by a deputy of the Harrison County Sheriff's Office, charging Appellant with possessing more than fifteen grams of marijuana in violation of West Virginia Code § 60A–4–401(c) (1983) (Repl.Vol.2000). When Appellant did not contact the magistrate court, a Notice of Failure to Respond was issued by the Harrison County Magistrate Court Clerk's Office and sent to the Division of Motor Vehicles (hereinafter "DMV").[2] As a result, DMV suspended Appellant's driver's license. In an effort to have his license reinstated, Appellant went to the Harrison County Magistrate Court on May 4, 2000, to resolve the outstanding citation. On that day, Appellant completed a waiver of rights statement and proceeded pro se to plead guilty to the charge of possession of less than fifteen grams of marijuana.[3] The circuit court granted Appellant's petition for six months of supervised probation pursuant to West Virginia Code § 60A–4–407.

Three months later, the State petitioned the circuit court to revoke probation, alleging that a violation of a condition of probation had occurred. At this juncture, Appellant was appointed counsel who moved for dismissal of both the revocation petition and the underlying criminal charge on the ground that the State failed to initiate prosecution

---

1. According to the "conditional discharge" provisions of West Virginia Code § 60A–4–407, when a person pleads or is found guilty of a first offense violation of West Virginia Code § 60A–4–401(c) (1983) (Repl.Vol.2000), the court does not enter a judgment of guilt before admitting a defendant to probation; adjudication of guilt is not recorded unless probation is revoked.

2. Presumably the clerk issued the notice pursuant to the requirement of West Virginia Code § 50-3-2a (d)(1) (1997) (Repl.Vol.2000), which provides in pertinent part:

If a person charged with any criminal violation of this code fails to appear or otherwise respond in court, the magistrate court shall notify the commissioner of the division of motor vehicles thereof in fifteen days of the scheduled date to appear, unless the person sooner appears or otherwise responds in court to the satisfaction of the magistrate.

See also MAG. CTS. R. CRIM. P.R. 5.3, 22(b)(2).

3. It is not clear from the record how or why the plea to a lesser offense occurred since the prosecutor was not present when the plea was accepted.

within one year of when the alleged misdemeanor offense was committed. Appellant's counsel also moved to withdraw the guilty plea. By order dated August 22, 2000, the lower court denied these motions, revoked probation, entered the adjudication of guilt against Appellant and scheduled the sentencing hearing for September 27, 2000. The sentencing order, dated September 28, 2000, imposed the penalties of six months in jail and a $1,000 fine; the jail sentence was suspended and Appellant was alternatively sentenced to probation for one year. The sentencing order and the order denying the motions, adjudicating guilt and revoking probation form the bases for this appeal.

## II. Discussion

■■■ Our review of the record reveals that the dispositive issue presented in this case is whether the magistrate had the power or authority to accept a plea to the offense charged by citation when the citation did not specify a time within which Appellant was required to appear in court. This issue is not raised by a formal assignment of error and is not discussed in the briefs; however, this Court has held that "[l]ack of jurisdiction may be raised for the first time in this court, when it appears on the face of the bill and proceedings, and it may be taken notice of by this court on its own motion." Syl. Pt. 3, *Charleston Apartments Corp. v. Appalachian Elec. Power Co.*, 118 W.Va. 694, 192 S.E. 294 (1937); *see also State v. McLane*, 128 W.Va. 774, 38 S.E.2d 343 (1946) (addressing jurisdictional defects in criminal context).

The issue raised in the case before us is particularly significant because of the number of citations which magistrate courts process each year. The statewide statistical report of case information for calendar year 2000[4] reveals that more than 191,000 citations were filed in the magistrate courts, representing nearly sixty percent of all criminal cases filed in magistrate courts during the period. Even when the criminal cases filed in the circuit courts for the same period are factored into the total, citations filed in magistrate courts represent nearly fifty-eight percent of all criminal cases filed in the entire court system. Although crimes

charged by citations constitute less serious misdemeanor offenses, we must remain mindful of the number of citizens whose lives are affected by the proper disposition of citations in the court system. This Court must be vigilant in addressing issues involving the fair and reasonable disposition of matters handled in the magistrate court system in order to preserve public confidence in the judicial process.

As suggested above, a citation is an alternative method by which law enforcement officers may initiate prosecution of certain misdemeanor offenses in magistrate court. W.Va.Code § 50–4–2 (1997) (Repl.Vol.2000). The authority to issue citations in lieu of arrest for the type of offense involved in the instant case originates in West Virginia Code § 62–1–5a (1982) (Repl.Vol.2000), which provides in relevant part:

A law-enforcement officer may issue a citation instead of making an arrest for the following offenses, if there are reasonable grounds to believe that the person being cited will appear to answer the charge:

(1) Any misdemeanor, not involving injury to the person, committed in a law-enforcement officer's presence: Provided, That the officer may arrest the person if he has reasonable grounds to believe that the person is likely to cause serious harm to himself or others;

. . . .

**The citation shall provide that the defendant shall appear within a designated time.**

If the defendant fails to appear in response to the citation or if there are reasonable grounds to believe that he will not appear, a complaint may be made and a warrant shall issue.

W.Va.Code § 62–1–5a, in part (emphasis added).

■■■ Other essential components of a citation are defined in Rule 7(a), Rules of Criminal Procedure for Magistrate Courts, which states, in part, "[t]he citation must state the offense charged and notify the defendant of the requirement to answer or appear in response to the charge, by a date

---

4. The Director of the Administrative Office of the West Virginia Supreme Court of Appeals is responsible for tabulating information regarding the filing and disposition of cases handled by the circuit and magistrate courts of the state. *See* W.Va.Code § 51–1–17 (1999) (Repl.Vol.2000).

certain, in the magistrate court of the county where the offense occurred." [5] In essence, a properly drafted citation serves the dual purpose of a charging document, sufficient for a defendant to plead guilty or no contest,[6] and a summons to appear.[7] However, unlike a criminal complaint or summons to appear, a citation is completed without court review or involvement. Additionally, a judicial officer's first opportunity to review the contents of a citation usually does not occur until the person named in a citation contacts the court.[8] Consequently, when a magistrate discovers that an essential component of a citation has been omitted, a prosecutor is not before the court to move to amend the citation and a magistrate has no authority to make such amendment sua sponte. MAG. CTS. R. CRIM. P. Rule 6. Thus, a citation which does not comport with requirements of the law is void as an instrument initiating prosecution, and a magistrate presented with such a defective citation has no authority to proceed with the matter. We have long held that "[a] plea of guilty to a void warrant involves no admission of guilt . . . ." Syl. Pt. 7, *Emsweller v. Wallace*, 78 W.Va. 214, 88 S.E. 787 (1916) in part. Because a citation serves a similar purpose as a warrant once did, a guilty plea to a void citation is also not an admission of guilt. Therefore, dismissal of the defective citation, with proper notice thereof to the parties, would be the appropriate course of action. Additionally, in cases such as the one before us where a citation does not designate a time within which to appear, a magistrate is statutorily required to dismiss the matter without prejudice because the omission constitutes a defective summons. W.Va.Code § 50–4–12 (1976) (Repl.Vol.2000).[9] Unless otherwise barred, subsequent prosecution of

the charge may be initiated by criminal complaint or indictment.[10] Accordingly, we hold that a citation that fails to contain a time within which the subject of the citation must appear as required by West Virginia Code § 62–1–5a, and the due process principles embodied therein, renders the citation void *ab initio*. Magistrates are required to dismiss such facially flawed citations without prejudice, pursuant to the applicable provisions of West Virginia Code § 50–4–12.

Based on the foregoing, we find that Appellant's conviction and resulting sentence is void for lack of jurisdiction. Accordingly, we vacate the conviction and sentence and remand the case to the Circuit Court of Harrison County for entry of an order consistent with this opinion.

Vacated and remanded.

---

**5.** Additional information also may be required under specific statutes governing citations for other offenses. *See, e.g.*, W.Va.Code § 17C–19–4 (1951) (Repl.Vol.2000).

**6.** MAG. CTS. R. CRIM. P.R. 7(b), 8.

**7.** Rule 8 of the Rules of Criminal Procedure for Magistrate Courts recognizes the dual function of citations by noting that a citation may issue in lieu of the procedures governing criminal complaints and issuance of a summons to appear (or arrest warrant) upon a complaint.

**8.** Magistrate court clerks generally do not assign citations to specific magistrates until the person named on the citation contacts the court. How-

ever, when magistrate court clerks notice an omission on a citation, the better practice is to assign the citation to a magistrate at that point to facilitate timely review.

**9.** The provisions of West Virginia Code § 50–4–12 are applicable in both civil and criminal cases. *State ex rel. Forbes v. McGraw*, 183 W.Va. 144, 147 n. 3, 394 S.E.2d 743, 746 n. 3 (1990).

**10.** Such a prosecution is barred in the case sub judice by the one-year statute of limitations governing misdemeanors generally. W.Va.Code § 61–11–9 (1923) (Repl.Vol.2000).