# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Heather Mulcare,**
**Plaintiff Below, Petitioner**

**FILED**

**August 25, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 16-0768** (Morgan County 15-C-50)

**Mike Ferris, T/A Mike's Muffler & Brake Shop,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Heather Mulcare, pro se, appeals the July 26, 2016, order of the Circuit Court of Morgan County awarding summary judgment to Respondent Mike Ferris, T/A Mike's Muffler & Brake Shop, finding that petitioner's action was barred by the doctrine of res judicata. Respondent, by counsel Dawn White, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2010, petitioner took her 2001 Audi TT Quattro to respondent's business to have the clutch replaced. Following the completion of the job, petitioner disputed the bill of $2,120. The parties agreed that respondent would accept $1,700 if paid immediately. On May 19, 2010, petitioner filed a complaint in the Magistrate Court of Morgan County for "at least $1,200 of the $1,700 back." Petitioner alleged that respondent overcharged her for labor and damaged other parts of her vehicle while replacing the clutch. With regard to that second allegation, petitioner stated that "[she] would like to revisit later . . . any replacement charges incurred from [respondent's] mistakes." Respondent filed an answer on June 8, 2010, and a trial was set for July 7, 2010. However, the magistrate court dismissed petitioner's first civil action, without prejudice, when she was a "no show" for the July 7, 2010, trial.

Petitioner filed a second action against respondent in the Morgan County magistrate court on February 8, 2010, repeating her allegations that he overcharged her for labor and damaged her

1

vehicle.[1] As relief, petitioner sought a full refund of the $1,700 she paid to respondent, as well as damages for the annoyance and inconvenience she suffered from her vehicle subsequently breaking down. The magistrate court scheduled a trial for April 12, 2011. Knowing that she would not be able to appear for the trial,[2] petitioner had her mother appear on her behalf. As it was petitioner's action (not her mother's), the magistrate court once again dismissed petitioner's action for a failure to appear for trial and designated the dismissal as "with prejudice."

More than four years later, on May 12, 2015, petitioner filed a third action against respondent, alleging a botched vehicle repair, in the Circuit Court of Morgan County. Petitioner reiterated her demand for a full refund of the $1,700 and her claims for expenses that she "will incur" when she has repairs made to her vehicle, as well as for "other consequential damages" resulting from respondent's alleged negligence. Respondent filed an answer on May 29, 2015, and then a motion for summary judgment on May 24, 2016. By order entered on July 26, 2016, the circuit court awarded respondent summary judgment on the ground that petitioner's action was barred by the doctrine of res judicata. Petitioner now appeals from that order.

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Rule 56(c) of the West Virginia Rules of Civil Procedure provides that summary judgment shall be granted provided that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

On appeal, petitioner contends that she deserved a jury trial on her claims as she made a demand for one. Respondent counters that the circuit court properly found that petitioner was precluded from pursuing the instant action because of the magistrate court's dismissal of her second action "with prejudice."[3] We agree with respondent.

In syllabus point 3 of *Charleston National Bank v. Hulme*, 117 W.Va. 790, 188 S.E. 225 (1936), we held that the application of the doctrine of res judicata presents a question for the court (not the jury). *See also Mountain America, LLC v. Huffman*, 229 W.Va. 708, 710, 735 S.E.2d 711, 713 (2012) (per curiam) (same). In syllabus point 1 of *Antolini v. West Virginia Division of Natural Resources*, 220 W.Va. 255, 647 S.E.2d 535 (2007) (per curiam), we held as follows:

---

[1]Respondent filed an answer in petitioner's second action on February 24, 2011.

[2]Petitioner states that her husband is in the military and that they are frequently deployed overseas.

[3]In *State ex rel. Forbes v. McGraw*, 183 W.Va. 144, 147, 394 S.E.2d 743, 746 (1990), we found that "[m]agistrate[ courts] are empowered by statute to dismiss actions *with prejudice* in some circumstances". Specifically, West Virginia Code § 50-4-12(a) provides that "[a] magistrate may render judgment against the plaintiff dismissing [her] action with prejudice to a new action . . . . when (a) the plaintiff fails to appear and prosecute [her] action at the proper time for appearance[.]"

"Before the prosecution of a lawsuit may be barred on the basis of *res judicata*, three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action." Syllabus Point 4, *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W.Va. 469, 498 S.E.2d 41 (1997).

We find that it is undisputed that the two parties in the instant case were the same two parties involved in the prior action, or parties in privity with them.[4]

Petitioner contends that the first and third elements necessary for the doctrine of res judicata to bar her instant action do not exist. With regard to whether the magistrate court's dismissal of her prior action constituted an adjudication on the merits, petitioner alleges that she never received an opportunity to present her case. We disagree. In *Truglio v. Julio*, 174 W.Va. 66, 70, 322 S.E.2d 698, 702 (1984), we reversed the application of res judicata based on a magistrate court's order in one of two consolidated cases, but affirmed the dismissal of the other case because of res judicata. In *Truglio*, we remanded the case in which we reversed the circuit court's order for a hearing to allow the plaintiffs the opportunity to show good cause for their failure to appear in the magistrate court case. *Id.* at 69, 322 S.E.2d at 701-02. We find that petitioner's case is distinguishable because (1) while the plaintiffs in *Truglio* spent fourteen months diligently attempting to obtain a hearing in their case (*see id.*), petitioner *waited four years* before filing the instant action; and (2) though petitioner makes allegations that are similar to those circumstances we found substantiated in *Truglio*—such as "perfunctory dismissals . . . and possibly incorrect legal advice" from the magistrate court,.—we find that, in this case, petitioner's allegations are generally unsupported by the record. *See id.*

The only allegation that we find supported by the record regards an alleged statement by the magistrate clerk's office at the time that petitioner filed her second action on February 8, 2010, that petitioner's mother could act as her representative. The civil complaint form provided to petitioner had a blank for a third party's name, who would appear "on the behalf of the plaintiff," and she wrote in her mother's name. Subsequently, because petitioner knew that she would not be able to appear herself, she had her mother appear on her behalf for the April 11, 2011, trial.

West Virginia Code § 50-4-4a authorizes such appearances in magistrate court by a non-attorney.[5] Therefore, the magistrate court's decision to dismiss petitioner's prior action for a

---

[4]We find that, at a minimum, petitioner acknowledges that respondent and his business are in privity with one another.

[5]In syllabus point 4 of *State ex rel. Frieson v. Isner*, 168 W.Va. 758, 285 S.E.2d 641 (1981), we upheld the constitutionality of West Virginia Code § 50-4-4a holding that it did not (continued . . .)

3

failure to appear is questionable. However, in *Blake*, we reiterated that "[a]n erroneous ruling of the court will not prevent the matter from being *res judicata*." 201 W.Va. at 477, 498 S.E.2d at 49 (quoting Syl. Pt. 1, *Sayre's Adm'r v. Harpold*, 33 W.Va. 553, 11 S.E. 16 (1890)). The record reflects that petitioner did not seek to set the magistrate court's order aside or appeal it.[6] Accordingly, we conclude that the magistrate court's dismissal with prejudice of petitioner's prior action constituted a final adjudication on the merits. *See Truglio*, 174 W.Va. at 67, 322 S.E.2d at 699, syl. pt. 2 (holding that parties are entitled to rely on the magistrate court's order "as the final and proper disposition of their case").

With regard to whether petitioner asserts identical causes of action—or causes of action that could have been resolved, had they been presented, in the prior action—she contends that (1) her claims for future repairs to her vehicle and for "other consequential damages" were not previously presented; and (2) the addition of those claims means that the total damages she is seeking are over the monetary limit West Virginia Code § 50-2-1 imposes on a magistrate court's jurisdiction.[7] We address these arguments together. In *Truglio*, we rejected the contention that the doctrine of res judicata should not apply because the plaintiff sought higher monetary damages in the circuit court than she sought in the magistrate court. *Id.* at 70; 322 S.E.2d at 702. Moreover, we find that petitioner raises no new causes of action in her instant complaint. Petitioner requested damages for annoyance and inconvenience regarding the breakdown of her vehicle in the prior action and could have sought damages for future repairs in that action because that claim was also based on her allegation that respondent damaged other parts of her vehicle while replacing the clutch. Therefore, we find that all three elements necessary for the application of res judicata are present and conclude that the circuit court properly awarded respondent summary judgment on the ground that petitioner is precluded from pursuing the instant action.

For the foregoing reasons, we affirm the circuit court's July 26, 2016, order awarding summary judgment to respondent.

Affirmed.

---

encroach upon our authority to define the practice of law because "the statute anticipates the appearance of a party by a non-lawyer agent on a casual, non-recurring, non-pay basis as a means of assisting the party appearing *pro se*."

[6]While petitioner alleges that the magistrate court advised her mother that petitioner could not appeal its order, she supports this claim with only an unsworn statement from her mother, which we find inadequate to preserve the issue for our review. *See* Rule 10(c)(7),W.V.R.A.P. (providing that a petitioner must give "appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal").

[7]At the time that petitioner filed the instant action, the monetary limit of the magistrate court's jurisdiction was $5,000. In 2016, the Legislature amended West Virginia Code § 50-2-1 to raise the monetary limit to $10,000, effective June 5, 2016. *See* 2016 W.Va. Acts ch. 55.

**ISSUED:**   August 25, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker