# CHARLESTON.

## PARSONS *et al. v* RILEY.

Submitted January, 17, 1890.—Decided January 30, 1890.

1. RES ADJUDICATA—COMMON-LAW PRACTICE.

Where an action for damages for breach of the conditions of a written contract is brought before a justice, and upon a general denial of the complaint by the defendant the justice hears the case upon the evidence and arguments of counsel, and enters a judgment dismissing the plaintiff's suit for failure to prove the execution of the contract sued on, with costs, he can not, by adding the words "without prejudice to a new suit," authorize a new suit for the same cause of action.

2. RES ADJUDICATA.

If a new suit is brought by the plaintiffs against the same defendant for the same cause of action, and the plea of *res judicata* is interposed by the defendant, it will bar the action.

3. RES ADJUDICATA—NONSUIT.

The dismissal of the action under the circumstances of this case, after it was heard and submitted, "without prejudice to a new suit," was equivalent to directing a nonsuit by the justice, which he had no authority to do after the case had been heard and decided.

*W. A. Parsons* for plaintiff in error.

*W. Miller, N. C. Prickett,* and *J. H. Riley* for defendant in error.

ENGLISH, JUDGE:

This was a suit brought before Buenos Ayers, a justice of the peace of Jackson county, on the 19th day of January, 1888, by W. A. Parsons and M. D. L. Lewis, for the recovery of money claimed to be due for damages for breach of a written contract, dated March 1, 1883, entered into between John H. Riley and F. Leon Clerc, then deceased, and said Parsons and Lewis, in which the plaintiffs claimed judgment for $300.00, with interest and costs.

The plaintiffs in their complaint alleged, in substance, that said Riley and Clerc agreed with plaintiffs to rent them the lower story of the brick store-building, situated in the town of Ripley, in Jackson county, opposite the Court House of the said county, said lower story of said building consisting of the store-room and the ware-room of the said building, for the term and period, upon the terms, and the rental and sum of money, mentioned in the said written agreement, which was filed as part of the complaint, and prayed to be read and considered therewith; that the said Clerc and Riley agreed with the plaintiffs in said written agreement to do all they reasonably could to stop and prevent the leaks in the roof of the said building, and thereby prevent injury to the goods, wares, and merchandise of the plaintiffs there kept, and to be kept, by them in said building; and that the said Clerc and Riley agreed with plaintiffs to use the rest of said building, which consisted of a large hall up stairs, and over the said store-room and ware-room and two smaller rooms, used as offices, so as not to interfere with the use of the rooms so rented by the plaintiffs as a store-room and ware-room; and they claimed, by way of assignment of breaches of said written agreement, that the said Clerc and Riley did not, nor did either of them, do, or cause to be done, all they, or either of them, reasonably could do to prevent the said leaks in said roof, or prevent injury to the goods of plaintiffs kept by them in the rooms so rented by them, but failed and refused so to do, so that the goods, wares, and merchandise of plaintiffs, kept by them in said rooms,

were greatly injured and impaired in value by reason of the leaks in the said roof, and water coming through the said roof, and falling upon said goods, and wholly ruining some of them; and also that said defendants did not use the rest of the said building so as not to interfere with the plaintiff's use of said rooms as a store-room and ware-room, but established and kept a skating-rink over the rooms occupied by the plaintiffs, and kept a noise day and night, thereby greatly interfering with the store-room and store-business of the plaintiffs during all of their said term as tenants of the said Clerc & Riley, and they claimed damage to the amount of $300.00.

The defendant, Riley, answered, denying each and all of these allegations made against him in said complaint. From the transcript of the justice it appears that issue was thereon joined, and, after hearing the evidence adduced by both parties, arguments were heard by both the plaintiff Parsons and defendant, Riley, and, after withholding judgment for twenty four hours, said justice decided that the plaintiffs had failed in proving the execution of the written contract mentioned in the summons, dated March 1, 1883, as to the defendant, John H. Riley, and dismissed the plaintiffs' action, with costs, without prejudice to a new suit. And on the same day, to wit, on the 6th day of February, 1888, the said Parsons and Lewis brought a new suit before the same justice for money due on contract, claiming judgment for $300.00, and from the complaint filed in said new suit it appears that it was brought for the same alleged cause of action.

The defendant, Riley, filed an answer, denying everything alleged in said complaint, and claiming that, by the terms of said written agreement, dated March 1, 1883, it was expressly agreed that the said Clerc and Riley were not to be liable to plaintiffs for damage by reason of leaks in the roof of the building mentioned in plaintiffs' bill of complaint, and the said defendant also said that the said plaintiffs ought not to have or maintain their said action, because, on the 19th day of January, 1888, the same plaintiffs brought an action before the said Beunos Ayers, justice, against him, for precisely the same cause of action that is set out in the case now pending; that said cause was tried and fully heard by and before said Beunos Ayers, justice, on the 3d day of Febru-

ary, 1888, and that on the 6th day of February, 1888, the said action was, by the judgment of said justice on the evidence adduced, dismissed on said hearing, at the costs of said plaintiffs, and that the action sued on here had been fully tried and adjudicated, and could not be again inquired into by original action; and on this plea issue was joined, and on the 9th day of April, 1888, the trial proceeded before E. A. Thomas, another justice of said county, and on the 10th day of April, 1888, the said E. A. Thomas, after hearing the evidence and arguments of counsel, rendered a judgment against the defendant for $99.87½, from which judgment the defendant appealed to the Circuit Court of said county, and on the 4th day of August, 1888, said appeal was heard by the court in lieu of a jury, and the court, having heard all the evidence adduced on the plea of former adjudication, filed by defendant before said justice, and maturely considered the same, found for the defendant, and reversed the judgment of said justice, with costs, to which judgment of the court the plaintiffs excepted, and tendered a bill of exceptions, which was signed, sealed, and saved to them, from which bill of exceptions it appears that it was shown on the trial of said appeal that the parties were the same in both of said actions before said justices, and that the evidence offered on the trial of the first-mentioned action was, in substance, the same as that offered on the trial of the last-mentioned civil action, and that the evidence given in both of said actions tended to prove the same facts, and the same cause of action. From the judgment of said Circuit Court the plaintiffs applied for and obtained a writ of error to this Court.

The sole question presented for consideration in this case is whether the judgment rendered by Beunos Ayers, justice, on the 6th day of February, 1888, was final and conclusive upon the parties thereto until reversed or set aside in some of the modes known to the law, or should the language used in the order rendering said judgment, "It is therefore considered by me that this action be and is dismissed, without prejudice to a new suit," be construed as being sufficient to prevent said judgment and dismissal from being pleaded as an estoppel to a new suit for the same cause

of action; or, in other words, that by reason of this clause the plaintiffs would be at liberty to bring another suit for the same cause of action. The bill of exceptions shows that the parties were the same, and the cause of action the same, in both suits.

In the case of *Manufacturing Co.* v. *Coal Co.*, 10 W. Va. 284, referred to by the plaintiffs in their brief, this Court held that "a fact which has been directly tried and decided by a court of competent jurisdiction can not be contested again between the same parties in the same or any other court. It is *res judicata*. But to make it *res judicata* it must have been directly and not collaterally in issue in the former suit, and there decided. * * * It is not necessary that precisely the same parties were plaintiffs and defendants in the two suits, provided the same subject in controversy between two or more of the parties plaintiffs and defendants to the two suits, respectively, has been in the former suit directly in issue and decided."

The bill of exceptions in this case clearly shows that the same parties were before the justice as plaintiffs, and the same party was defendant in both cases, and that the evidence given by the plaintiffs in both of said actions tended to prove the same facts and the same cause of action. These facts were directly, not collaterally, in issue in both of these cases; but counsel for the plaintiff in error contends that there was no decision of the first action before the justice upon its merits. Referring, however, to the language of the order, we find the justice, in rendering his judgment, says: "This day, having fully considered the proofs and allegations of both parties, I am of opinion that the execution of said written contract mentioned in said summons as of March 1, 1883, is not proved as to the said defendant, John H. Riley. It is therefore considered by me that this action be and is dismissed, without prejudice to a new suit, giving the defendant a judgment for costs." This order surely shows that the justice, after hearing the evidence and arguments of counsel, held that the plaintiffs failed to prove the contract sued on, and therefore he dismissed the suit. It further shows that he fully considered the proof and allegations of both parties. What more

was required to constitute a hearing of the case on its merits? In the case of *Wandling* v. *Straw*, 25 W. Va. 672, this Court held that "a judgment upon the merits of the case is a bar or estoppel against a prosecution of a second action upon the same demand, and is a finality to the claim or demand in controversy, and concludes parties, and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim, but also, any other admissible matter which might have been used for that purpose. Such demand or claim, having passed into judgment, can not again be brought into litigation between the parties in proceedings at law upon any ground whatever."

The case under consideration was not dismissed for defect of pleadings, or want of proper parties, or misconception of the form of proceedings, or for want of jurisdiction, or upon any other ground which did not go to the merits of the action, but after a full hearing of the . case upon the proofs and allegations of both parties. The action of the justice in this case in dismissing it without prejudice to a new suit can be regarded in no other light than allowing the plaintiffs to suffer a nonsuit, after the parties had presented their proofs, and they had been fully considered by the Court in lieu of a jury. Under the rules of practice a party will not be allowed to suffer a nonsuit after the retirement of the jury; and, by analogy, it should not be allowed after the matters of difference have been decided by the Court in lieu of a jury. Herman on Estoppel and *Res Judicata* (volume 1, p. 296) says: "Thus, a nonsuit ordered by a justice must be regarded, after a trial on the merits as a judgment for the defendant, and consequently a bar in any other litigation between the same parties, (in regard to the same subject-matter) even though the order was made with the consent of the plaintiff;" and it is in accordance with reason and propriety that it should be so; otherwise by making such an *addendum* to his judgment, he would have it in his power to have repeated trials for the same cause of action. It is, however, the interest of the State to put an end to litigation; and, upon a review of the authorities bearing upon the questions raised in this case, my conclusion is that the judgment com- .

plained of must be affirmed, and the plaintiffs in error must pay the costs of this writ of error.

AFFIRMED.