# CHARLESTON.

## KROHN, FECHHEIMER & CO. *v*. SOHN.

Submitted September 2, 1909.    Decided February 21, 1911.

1.  JUSTICES OF THE PEACE—*Review*.

    If a justice at a trial announces a judgment favorable to a party, and, after the lapse of ten days allowed for appeal, enters as of the date of the trial, a wholly different judgment, one against the party, a case is made warranting the circuit court in granting an appeal within ninety days.

2.  SAME—*Dismissal—Right of Plaintiff*.

    A plaintiff, in a case before a justice, may dismiss his action, without prejudice to a new suit, before a final submission of the case for decision on the merits.

3.  DEPOSITIONS—*Necessity for Caption*.

    The mere want of a caption to depositions does not invalidate them if the notice under which they are taken and the certificate of the notary as to their taking supply all that *a* caption usually contains.

(BRANNON, JUDGE, absent.)

Error to Circuit Court, Mercer County.

Action by Krohn, Fechheimer & Co. against Nathan Sohn. Judgment for plaintiffs, and defendant brings error.

*Affirmed.*

*Dillard & Dillard,* for plaintiff in error.

*D. E. French* and *Sanders & Crockett,* for defendants in error.

ROBINSON, JUDGE:

The defendant complains of a judgment against him; but we find no error to his prejudice committed in the disposition of the case by the circuit court.   Let us briefly review:  .

1.   The motion to dismiss the plaintiff's appeal from the judgment of the justice was properly overruled.   This appeal was granted by the circuit court, pursuant to Code 1906, chapter 50, section 174, within ninety days from the date of the judgment.   The petition, and the affidavits accompanying the same, show good excuse for the plaintiffs' not having taken an

appeal within ten days. These papers show such surprise, as warranted an appeal under the statute 'named. They clearly bring the case within principles announced in *Hubbard* v. *Yokum,* 30 W. Va. 740; *Home Sewing Machine Co.* v. *Floding,* 27 W. Va. 540; and other cases. At the trial before the justice, the plaintiffs moved to dismiss the case, before any submission for the consideration of the justice on the merits; and, by the direction of the justice, a memorandum was then and there endorsed on the papers that the case was dismissed without prejudice to a new suit. Knowledge of such action only had the plaintiffs. More than a month later, when a new action had been instituted, the justice, at the solicitation of the defendant, adopted and entered an entirely different judgment from the one. originally announced by him as dismissing the suit without a hearing on the merits and without prejudice. In other words, after the ten days allowed for an appeal had elapsed the justice changed his decision and entered final judgment for the defendant. That judgment the justice entered as of the date of the one he had originally announced. Surely, at least one remedy open to the plaintiffs was an appeal from this erroneous judgment which the justice and the defendant sought to enforce against them. It was not the fault of the plaintiffs that they did not appeal within ten days of the date of the judgment, for during all that period the justice kept such judgment hidden from them within his breast. The plaintiffs were not chargeable with neglect on their part in failing to perfect an appeal within ten days. The judgment announced to them within that time was one.they had sought—one in their favor, we may say. Neither the announcement of the justice at the trial nor any entry on his docket warned the plaintiff of anything they should appeal from until long after the elapsing of the ten days. The case is not like *McClung* v. *Price,* 61 W. Va. 84, for here the justice plainly mislead the parties from an opportunity to appeal. ˙It was not neglect of the parties but the hidden action of the justice that prevented their taking an appeal within the ten days. The plaintiffs had no reason to anticipate that any judgment but the one actually rendered would be entered. The justice in good conscience could not deprive them of an appeal by changing the judgment after time for appeal expired. The circumstances excused the plaintiffs from failure

to appeal within the usual time and by the usual course, and fully warranted the granting of an appeal by the circuit court. If such circumstances do not amount to surprise, then no case under that head can be found. *McCormick* v. *Short,* 49 W. Va. 1.

2.   The defendant, citing *Parsons* v. *Riley,* 33 W. Va. 464, insists that the judgment announced at the trial was one on the merits.   The petition and affidavits for appeal do not so show. They show that the judgment then rendered was just that which we have stated it to be—a dismissal by the plaintiffs before any submission of the case for final determination on the merits.   The justice in his affidavit expressly states that he did not hear the case on the merits.   A plaintiff, in a case before a justice may dismiss his action, without prejudice to a new suit, before it is finally submitted for decision on the merits.   *Parsons* v. *Riley, supra,* does not hold otherwise.   Such plaintiff may take a non-suit, as one may suffer a non-suit in the circuit court before the jury retires to decide the issue.

3.   The evidence introduced by the plaintiffs makes a *prima facie* case sufficient to support the finding of the court acting in lieu of a jury.   Exceptions in this particular are not well taken. The defendant offered no evidence.   Besides, depositions which the court improperly suppressed completely support the finding. The action of the court in excluding these depositions is cross-assigned by the plaintiffs as error to their prejudice.   These depositions should have been read.   The mere want of a caption did not invalidate them, since the notice attached and the certificate of the notary fully supply all that a caption would have contained.   6 Enc. Pl. and Pr., 537-539.   The absence of an official seal to the notary's certificate is not fatal.   *Hanley, Admr.* v. *Railway Co.,* 59 W. Va. 420.   The depositions were certified with sufficient regularity under our statute relative to depositions taken in another state.   Code 1906, chapter 130, section 33; *Bohn* v. *Zeigler,* 44 W. Va. 402.

An order will be entered affirming the judgment.

*Affirmed.*