J. E. JOHNSON *et al. v.* W. W. ROGERS

(No. 6824)

Submitted February 24, 1931   Decided March 3, 1931.

*Ajax T. Smith, W. H. Malcolm,* and *Hartley Sanders,* for plaintiff in error.

*John B. Pendleton* and *Hugh G. Woods,* for defendants in error.

LIVELY, JUDGE:

Johnson Motor Company obtained a verdict and judgment against W. W. Rogers in the circuit court for $236.18, from which this writ is prosecuted by defendant.

The case is in tort arising out of an automobile accident between cars owned by the respective parties on the streets of Princeton, West Virginia. Defendant pleaded the general issue to the declaration and interposed two pleas of *res ad-*

*judicata,* setting up therein that a judgment had been rendered in a suit pending between the same parties over the identical subject matter in the court of I. C. Damewood, justice of the peace of that county, a court of competent jurisdiction in which judgment was rendered in his favor for $14.77 and costs. The plea sets out that the same issue was raised in the suit in the justice court as is raised in the instant suit, namely, the negligence of the parties which brought about the collision between the two cars. To these two pleas, plaintiff was allowed to file a special replication to the effect that its suit was instituted in the circuit court on the 20th day of May, 1929, and the declaration filed at June Rules, 1929, whereas, suit in which the judgment was rendered by the justice of the peace in favor of defendant was instituted on the 24th day of June, 1929, or a little over a month after its suit had been instituted in the circuit court. To these special replications the defendant demurred, the court overruled the same, to which defendant objected and excepted. Defendant then replied generally to the special replications and the case went to the jury. In the trial, defendant offered a transcript of the justice's docket showing the judgment in his favor upon the question of the negligence of the parties arising out of the automobile accident which transcript was not permitted to be filed upon objection of plaintiff. Defendant also offered evidence showing that in the suit before the justice the parties were the same; that the suit arose out of the automobile collision; that the same facts were tried as were being tried in the suit then pending and practically the same witnesses used; that the defendant in the suit in the justice's court appeared and tried the question of negligence on its merits. This evidence was rejected by the court. The question for decision here is clearly defined.

Did the court err in sustaining the special replications to defendant's pleas of *res adjudicata?* Did the court err in refusing evidence showing that the questions pending in the present suit were adjudicated by a court of competent jurisdiction? It will be observed that the defense to the pleas of *res adjudicata* is simply that plaintiff had its suit pending in the circuit court before the defendant instituted his suit

before the justice of the peace. There can be no question but that the matter at issue in the trial in the circuit court had been theretofore determined between the same parties in the justice's court. Not only the pleas, the record of the justice filed as a part thereof, and the proffered evidence show this to be true. The law is so well settled that citation of authority would be superfluous to the effect that when a matter is once adjudicated in a court of competent jurisdiction it is conclusively determined between the same parties and their privies as to all matters which were or might have been litigated. Such an adjudication is binding as an estoppel in all other actions pertaining to the matter adjudicated. Perhaps it would not be superfluous to refer to our case of *Lawson* v. *Conaway*, 37 W. Va. 159, in which Herman on Estoppel is quoted at page 171, as follows: "This maintenance of this principle is one of the necessities in all civilized communities, and it has been handed down, from generation to generation, without ever being questioned, until the present time; and we doubt whether there ever can be a so well established and universally sustained principle of law." By overruling the demurrer to the special replies to the pleas of *res adjudicata,* and the rejection of evidence to sustain those pleas, the court held that this well settled principle of law did not apply because the plaintiff had instituted his suit about the same subject matter prior to the institution of the suit before the justice of the peace, and the first suit being pending at the time, the judgment of the justice could not estop the plaintiff. The court clearly erred in so holding. It is quite generally held that the date of rendition of a judgment pleaded is of no consequence; it is the fact of an adjudication upon the same subject matter and between the same parties which gives effect to the former recovery and creates the estoppel. "It is the first judgment for the same cause of action that constitutes an effective defense, without regard to the order of time in which the suits were commenced." 24 C. J., page 758, paragraph 1167. Numerous decisions are cited in support of the text. In section 1293 of the same volume, it said: "The date or time of the rendition of the judgment is not important, except where it was entered too late to be

pleadable in the suit at bar; and an adjudication in a suit commenced after the institution of another suit between the same parties may be conclusive as to matters arising in the suit first begun." To the same effect is *Duffy et al.* v. *Lytle,* 42 Pa. St. Rep. 120 (5 Watts), where it was said in syllabus, that "A prior judgment upon the same cause of action, sustains the plea of a former recovery, although the judgment is in an action commenced subsequently to the one in which it is pleaded." To the same effect is *Garden City* v. *Bank,* 65 Kan. 345, 93 Am. St. Rep. 284; *Casebeer* v. *Mowry,* 55 Pa. St. Rep. 419; *Jones* v. *Myricks, Executors,* 8 Gratt. (Va.) 179. In *Chicago R. I. & P. R. Co.* v. *Scherdel, Admr.,* 270 U .S. 611, 70 L. Ed. 757, 53 A. L. R. 1265, an administrator sued for negligence causing the death of his intestate in a Minnesota District Court under the Federal Employee's Liability Act, on February 21, 1923. Afterwards on March 2, 1923, defendant instituted proceedings under the Iowa Workman's Compensation Act. (The accident resulting in death occurred in Iowa.) An award was made and the sole beneficiary appealed to a court of that state which affirmed the award on June 2, 1923. The original suit begun on February 21, 1923, was tried on March 24, 1924, wherein the judgment of the state court of Iowa was pleaded as *res judicata.* The Supreme Court of the United States held the plea to be good, saying: "A judgment is as binding upon an unwilling defendant as it is upon a willing plaintiff. Nor is it material that the action or proceeding, in which the judgment, set upon as an estoppel, was rendered, was brought *after* the commencement of the action or proceeding in which it is pleaded." Numerous other cases could be cited.

Plaintiff below, defendant in error here, relies upon the familiar principle that when the jurisdiction of a court is asserted over a cause of action, it embraces everything in the case and every question arising which can be determined in it; and until thus exhausted, or in some way relinquished, the jurisdiction is exclusive and cannot be encroached upon by any other tribunal. *State* v. *Fredlock,* 52 W. Va. 232. That proposition is quite true and well settled, but in order that it may be effective in a suit of this character where some other

court has taken jurisdiction of the subject matter and rendered a judgment, that other court must be advised in some way that the first court has jurisdiction of the subject matter in a suit pending before it. Such was done in the *Fredlock* case, cited. Here, plaintiff below appeared to a suit against it in the justice's court and pleaded to the merits and had a full hearing without raising any objection to the jurisdiction of the court, and without in any way advising that court that the circuit court had before it a suit pending upon the same cause of action, and giving some cause against the hearing of the suit before the justice. The methods and proceeding to avoid the binding effect of a judgment rendered in a court of competent jurisdiction upon all questions which might arise and which would preclude another suit, is discussed in *Lawson* v. *Conaway, supra.*

It may be, as was suggested in argument, that defendant, after process was served on him from the circuit court, devised this method by which he could avoid that suit by going to a justice of his own choice and having the matter there litigated with a likelihood that it would be in his favor; but even if such were the case, it was the duty of the defendant in that case to have properly preserved its right by the necessary proceedings. On the contrary, it has submitted it to the jurisdiction of that court and is precluded by its judgment. If, as suggested in argument, such were the purpose and intention of the plaintiff in the justice's suit, it would be represensible and sharp practice; but we find nothing in the record which would sustain a finding of that kind. If such were the case, the holding herein might be quite different; but we must decide this case by this record.

The court should have rejected the special replications to defendant's pleas of *res adjudicata;* and should have admitted defendant's evidence to sustain his pleas.

The judgment will be reversed, the verdict set aside, and a new trial awarded.

*Judgment reversed; verdict set aside; new trial awarded.*