**STATE OF WEST VIRGINIA**

**Robert Lee Mattingly, Jr.,**
**Plaintiff Below, Petitioner,**

**vs.) No. 19-0055** (Ritchie County 18-C-2)

**Robert Moss,**
**Defendant Below, Respondent.**

**FILED**
**May 11, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robert Lee Mattingly, Jr., by counsel Joseph H. Kozlowski, James L. Lindsay and Jennifer N. Taylor, appeals the December 6, 2018 order of the Circuit Court of Ritchie County, West Virginia, granting summary judgment to Respondent. Respondent Robert Moss, by counsel John M. Butler, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in granting respondent's motion for summary judgment because it misapplied the doctrine of res judicata and failed to recognize that equity demands petitioner be given his day in court.

The Court has considered the parties' briefs, the appendix record, and the applicable law. The facts and legal arguments are adequately presented, and the parties' have agreed that the decisional process would not be significantly aided by oral argument.[1] Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Petitioner lives in Pleasants County and rents out a house that is also located on the same property where he resides. Respondent also lives in Pleasants County, and is a well-tender, who maintained the gas wells that were located on petitioner's property. Petitioner and respondent became acquainted and often visited when respondent passed through petitioner's property while working.

---

[1] This matter was originally scheduled for oral argument on March 25, 2020, but was continued generally due to an Administrative Order entered by the Court on March 22, 2020, declaring a judicial emergency through April 10, 2020, due to the COVID-19 virus. By letter dated March 25, 2020, the parties were given the opportunity to submit their case on briefs, without oral argument. Both parties agreed to proceed with having the Court decide the matter on the briefs.

In July 2015, respondent was visiting with petitioner at his home when law enforcement authorities arrived and placed petitioner under arrest.[2] Petitioner asked respondent, and respondent agreed, to take care of petitioner's property, his rental property and his dog until he was released from jail.

Petitioner was incarcerated from July, 2015, until January, 2017, even though he had initially thought his incarceration was going to be brief. When he realized it wasn't, respondent visited petitioner at the North Central Regional Jail and agreed to continue to take care of petitioner's dog and property. Petitioner said as part of that agreement, he signed eight blank checks from his two bank accounts and gave them to respondent. Thereafter, on October 21, 2015, petitioner executed a hand-written document ("Power of Attorney") appointing respondent his "power of attorney in all [petitioner's] personal and business" matters while petitioner was incarcerated. Petitioner signed the Power of Attorney and it was notarized. The Power of Attorney also specifically provided for respondent to address any issues that arose at petitioner's rental property, including collecting rent, and "speaking with the courts in preparation for an eviction notice to the tenanet [sic] on my notification."

According to respondent, while petitioner was incarcerated, respondent paid bills for petitioner; collected petitioner's mail and took it to him; cared for petitioner's dog, house, rental property, and vehicle; and managed any issues with a tenant on petitioner's property, which included filing a civil eviction and obtaining judgment for damages to the rental property in the amount of $5,000. Respondent stated that he handled all of the expenses associated with these activities by utilizing the checks signed by petitioner, and spent approximately $23,000 for the total care of petitioner's assets and debts for the eighteen months petitioner was jailed. Respondent stated that he turned over all remaining funds and supporting documents to petitioner upon petitioner's release from jail in January, 2017.

Conversely, petitioner claimed that upon his return home from jail he discovered that respondent had withdrawn over $23,000 from his two bank accounts. Petitioner claims respondent "swindle[d]" the money from him.

On March 1, 2017, petitioner, acting pro se, filed an action in the Magistrate Court of Pleasants County, case number 17-M37C-00032 (hereinafter "Case No. 1"). In the complaint, petitioner averred that respondent withdrew funds in the amount of $16,400, using the Power of Attorney that petitioner provided to him. Petitioner claimed that the funds were misused, and that respondent "did very[,]very little, and still let my home and a [sic] aparment[3] [sic] go into ruins [sic][.] But yet he had plenty of time too [sic] withdraw $16,400.00 from my bank account. . . ." Petitioner further averred that respondent "even cash[ed] two checks 1368 & 1369 the same day

---

[2] Petitioner stated that he was arrested for driving on a suspended license; respondent stated that petitioner was arrested for violating home confinement for an alcohol-related conviction. It is unclear from the record exactly what criminal conduct prompted petitioner's arrest, and the resolution of this factual issue is not relevant to any issue raised in this appeal.

[3] The complaint in Case No. 1 also referred to a "rental house."

for $9,000.00[,] surly [sic] not for my selfe [sic][,] dog, house or apparment [sic], in any way." Petitioner expressly "waive[d] . . . [his] rights to anything over 10,000.00."

Also on March 3, 2017, petitioner, again acting pro se, filed a second complaint in the Magistrate Court of Pleasants County, case number 17-M37C-00033 (hereinafter "Case No. 2"). In this complaint, petitioner alleged: "[T]his civil matter is like case 1 in this case Mr. Moss with draw [sic] $7,200.00 under the same circumstances, I feel this is extorson [sic][.] I am asking for $7,200.00 in this suit plus cost[s] this is out of checking acct Community Bank."[4]

Respondent, by counsel, filed an answer in Case No. 1 and a Motion to Dismiss in Case No. 2. In his answer, respondent stated that "[a]ll records relating to the expenditure of funds w[ere] provided to the Plaintiff after he was released from incarceration so he has all of the accounting documents in his possession." Further, "[a]ny funds not specifically used to the payment of the Plaintiff's debts were used to pay the Defendant for performing a multitude of services." Respondent also stated that he "provided funds into the Plaintiff's commissary account to supply him with items during his incarceration." Respondent claimed that "[t]he Plaintiff owed according to him and [sic] excess of eighty thousand ($80,000.00) dollars in unpaid child support and he desired to keep all funds out of his checking account so that the Bureau of [C]hild Support Enforcement could not attach his checking account." Respondent also stated that during petitioner's incarceration: he paid for petitioner's post office box; he filed "the paperwork in Pleasants County Magistrate Court to evict Bill Shepard for nonpayment of rent and obtained a judgement for Mr. Mattingly in the amount of five thousand ($5,000.00) dollars"; he patched the roof on the garage attached to the house because it was leaking; he winterized the waterlines in the main house and the smaller house so they would not freeze during the winter; he cleaned the ventless heaters in the main house and smaller house to keep the heat running during the winter; he started petitioner's truck periodically to make sure it remained useable; he relocated the truck periodically on petitioner's property to make it look like someone was living on the property; he mowed petitioner's grass; he cared for petitioner's dog; he paid the rest of the bond money to petitioner's bail bondsman; he met with the interlock company to have the equipment removed from petitioner's vehicle as petitioner "was on the Interlock Program when he got caught driving and was sentenced to jail"; he unhooked petitioner's washer and moved it inside so it would not freeze as "it was sitting on the porch of the smaller house"; he picked petitioner up from the St. Mary's Correctional Center when petitioner was released from custody; and he continued to drive petitioner around after petitioner's release from incarceration as petitioner did not have a valid driver's license. Respondent further claimed in his answer that after petitioner's release from incarceration, petitioner spent some $8,000, had been drinking constantly, and "was mean, abusive and misusing medications."

---

[4] Petitioner acknowledges in his brief, and we agree, that there is no recognized civil cause of action for extortion in this State. *See Machinery Hauling, Inc. v. Steel of W. Va.*, 181 W. Va. 694, 696, 384 S.E.2d 139, 141 (1989) (declining to recognize a civil cause of action arising from violating a criminal extortion statute, stating "[w]e find few cases that analyze recovery in this type of situation from the perspective of an implied civil cause of action arising from a criminal extortion statute.").

In response to Case No. 2, respondent filed a Motion to Dismiss, arguing that petitioner had already filed Case No. 1, asking for $10,000 in damages, which is the jurisdictional limit for magistrate court. Respondent maintained that in Case No. 2, petitioner averred that "'this civil matter is like case 1.'" Respondent contended that both actions "are all financial matters between the parties relating to Mr. Mattingly being incarcerated and providing Bob Moss with a Power of Attorney to authorize him to take care of business matters while the Plaintiff is incarcerated." Respondent claimed that the two actions could not be separated and that petitioner was attempting to circumvent the jurisdictional limit of $10,000 in magistrate court.

According to respondent's affidavit filed in support of his Motion for Summary Judgment in the subsequent circuit court action, both magistrate court cases were set for hearing on May 17, 2017. On that day, petitioner appeared pro se, and respondent appeared with his attorney. Petitioner was allowed to testify and to present evidence in both cases. By order entered in Case No. 1, the magistrate court found in respondent's favor, stating that "Plaintiff failed to provide proof by the preponderance of the evidence." By order entered in Case No. 2, the magistrate court dismissed the action "without prejudice." Petitioner did not appeal either magistrate court order to the circuit court.

Eight months later, petitioner, who was then represented by counsel, filed a complaint in the Circuit Court of Ritchie County.[5] Petitioner alleged the exact same financial circumstances between the parties from July 2015 through January 2017 as those he previously alleged in the two magistrate court actions. Based on those same facts, petitioner pleaded counts of financial exploitation, breach of fiduciary duty, fraud, fraud in the inducement, intentional infliction of emotional distress, and breach of contract. He sought damages in excess of $30,000.

Respondent answered the complaint and asserted multiple defenses, including res judicata. Thereafter, respondent filed a motion for summary judgment on April 5, 2018, arguing that res judicata precluded the circuit court action. Respondent argued that petitioner had asserted the same facts and claims against him in two magistrate court cases, which had resulted in final orders in both cases. Petitioner did not appeal those orders. Petitioner responded to the summary judgment motion, contending that different causes of action had been asserted in his circuit court case and because of that the circuit court case would be based upon different evidence.

---

[5] It is unclear why petitioner filed his circuit court action in Ritchie County when he resides in Pleasants County. In his answer to petitioner's complaint, respondent stated that he was a resident of Pleasants County, not Ritchie County, and that "venue in Ritchie County [wa]s not proper"; however, respondent took no other steps to challenge venue. As we have previously recognized, venue may be waived or conferred by consent. *See State ex rel. Dale v. Stucky*, 232 W. Va. 299, 304 n.6, 752 S.E.2d 330, 335 n.6 (2013); *Vanover v. Stonewall Cas. Co.*, 169 W. Va. 759, 761-62, 289 S.E.2d 505, 507 (1982). Given respondent's inaction on this issue, we find that any issue regarding venue has been waived.

On August 17, 2018, the circuit court held a hearing on respondent's summary judgment motion,[6] and by order entered on December 17, 2018, the court granted the motion, finding that there were no objections to the documentation that had been submitted to the court and there were no disputed facts. The circuit court determined that, as a matter of law, summary judgment was appropriate based on res judicata and dismissed all the claims with prejudice. Specifically, the circuit court found:

> 1. The Plaintiff and Defendant as parties in this case were previously involved in two (2) cases filed in Pleasants County, Magistrate Court as set forth in the factual claims and briefs of the parties. Those two (2) cases were litigated fully in Magistrate Court with an adverse ruling against the Plaintiff, Robert Lee Mattingly, Jr.
>
> 2. The Magistrate Court statement with regard to the case number two (2) contending that it was dismissed without prejudice is an erroneous statement, which the Court looks behind such statement and determines that case number two (2) was in fact dismissed with prejudice because the matters had been factually and legally argued before the Magistrate in the companion case number one (1). The Magistrate was required to rule against Robert Mattingly for Robert Moss in case number two (2) as well as in case number one (1).
>
> 3. Robert Lee Mattingly Jr., representing himself, fully tried case number one (1) and case number two (2) in Magistrate Court and received an adverse ruling from which he did not appeal, and the matter is conclusive. The judgment of the Magistrate Court is therefore conclusive.
>
> 4. The Civil Action in this case is an attempt to retry and relitigate the fundamental claims between the parties. The mere fact that the claims are more exhaustive in their presentation in the pleadings [than] they were in Magistrate Court is of no consequence. The Court looks at the substantive claim of the parties and whether the parties were given full and fair opportunity to bring all their claims forward against each other in a Court with jurisdiction and venue. Even so, if a party chooses to file their claims in one jurisdiction and venue and as a result precludes themselves from filing alternative or additional action based upon the same facts in another jurisdiction or venue, their choice shall amount to *res judic[a]ta*. The Court

---

[6] The circuit court initially deferred ruling on the motion and expressly allowed the parties to submit additional argument and documentation for consideration by the court. Petitioner filed a second memorandum of law in opposition to respondent's motion. Respondent did not file any further pleadings or documentation.

relies upon the case of Dan Ryan Builders Inc., vs Crystal Ridge Development Inc., 803 S.E.2d 519 (West Virginia 2017).

Petitioner now appeals the circuit court's order granting summary judgment. In our review of that order, we are guided by the following standard of review: "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). Further, Rule 56(c) of the West Virginia Rules of Civil Procedure provides that summary judgment shall be granted provided "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."

On appeal, petitioner argues that the circuit court erred in granting respondent's motion for summary judgment based on the doctrine of res judicata. According to petitioner, because the magistrate court dismissed Case No. 2 without prejudice, there was not a final adjudication on the merits of that action and, accordingly, res judicata does not act as a bar. As petitioner contends, "[t]he Circuit Court's conclusion that *both* actions were litigated fully because the first action *alone* was litigated fully is clearly erroneous. The Petitioner fully litigated only <u>one</u> action, not both, and was not afforded the opportunity to litigate the second action due to the Magistrate Court's dismissal without prejudice." Respondent counters that the elements of res judicata are met as both magistrate court actions were resolved by the magistrate court, after an evidentiary hearing in which petitioner was allowed to present all his evidence on both cases and failed to meet his burden of proof. Petitioner then failed to appeal the magistrate court's decision in either case. [7] We agree with respondent.

The Court held in syllabus point four of *Blake v. Charleston Area Medical Center, Inc.,* 201 W. Va. 469, 498 S.E.2d 41 (1997):

> Before the prosecution of a lawsuit may be barred on the basis of *res judicata*, three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action

---

[7] West Virginia Code § 50-5-12 provides for an appeal to the circuit court from a magistrate court judgment as follows:

> (a) Any person may appeal the judgment of a magistrate court to the circuit court as a matter of right by requesting such appeal not later than twenty days after such judgment is rendered or not later than twenty days after a decision is rendered upon a motion to set aside such judgment.

Further, "[i]n the case of an appeal of a civil action tried before the magistrate without a jury, the hearing on the appeal before the circuit court shall be a trial de novo, triable to the court, without a jury." *Id*. § 50-5-12 (b); *see also* W. Va. R. Civ. P. Magis. Ct. 18(c) (providing, in relevant part, that "[i]f no notice is filed within the 20-day period, the circuit court may, not later than 90 days after the date of judgment, grant an appeal upon a showing of good cause why the notice was not filed within such 20-day period." ).

by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.[8]

(Footnote added).

We recently addressed whether the first element of a final adjudication on the merits had been established in a magistrate court case for res judicata purposes in *State ex rel. Veard v. Miller*, 238 W. Va. 333, 795 S.E.2d 55 (2016). In *Veard*, petitioners filed an action in magistrate court to have respondent evicted from one of their apartments. *Id*. at 335-36, 795 S.E.2d at 57-58. Respondent, who was proceeding pro se, filed an answer and a counterclaim for unpaid wages. *Id*. at 336, 795 S.E.2d at 58. There was a hearing, during which the magistrate found that respondent had moved from the apartment and petitioners had recovered possession of their property; the hearing then proceeded on respondent's counterclaim for wages. Thereafter, the magistrate court dismissed petitioners' complaint as moot, and rendered a verdict against respondent on his counterclaim for unpaid wages. Respondent appealed to circuit court. *Id*.

After the magistrate court appeal was filed in circuit court, respondent retained counsel, who filed a complaint in circuit court against petitioners on respondent's behalf. The circuit court complaint contained claims for unpaid wages and a wrongful termination claim.[9] *Id*. Petitioners moved to dismiss, arguing that the issues raised in respondent's circuit court complaint had been litigated in magistrate court. *Id*. Respondent opposed the motion, arguing that the magistrate court proceeding was not final, and the parties in the two actions were not the same. *Id*. The circuit court denied the motion to dismiss and petitioners filed a writ of prohibition with this Court. *Id*. at 336-37, 705 S.E.2d at 58-59.

In examining petitioners' argument that respondent's claim in the circuit court complaint for unpaid wages was barred as a matter of law because that claim had been litigated in magistrate

---

[8] There is no dispute that the parties in the circuit court action are the same two parties involved in both magistrate court actions.

[9] Respondent then filed a motion to dismiss his magistrate court appeal without prejudice. In the motion, respondent acknowledged that the magistrate had ruled against him "on the issue of unpaid wages." *Veard*, 238 W. Va. at 336, 795 S.E.2d at 58. Instead of granting respondent's motion to dismiss, the circuit court consolidated the magistrate court appeal with the circuit court complaint, but provided that respondent could renew his motion to dismiss the magistrate court appeal at a later date. *Id*. This Court found the consolidation of the two actions appropriate under Rule 42(a) of the West Virginia Rules of Civil Procedure. *Id*. at 338, 795 S.E.2d at 60 and Syl. Pt. 1.

7

court, we found that the unpaid wages claims[10] were not res judicata. In particular, we determined that the magistrate court action was not a final adjudication on the merits as that case was on appeal to the circuit court and, therefore, not a final judgment. In reaching this decision, the Court held that "[t]he doctrines of collateral estoppel and res judicata apply to a magistrate court judgment *only when it becomes final, either through failure to appeal that judgment or after exhausting appellate proceedings*." *Id*. at 334, 795 S.E.2d at 56, Syl. Pt. 2 (emphasis added).

Applying the law enunciated in *Veard* to the instant case, the magistrate court actions are final adjudications and subject to res judicata and collateral estoppel due to petitioner's failure to appeal either judgment to the circuit court.[11] This decision is also supported by this Court's decision in syllabus point two of *Truglio v. Julio*, 174 W. Va. 66, 322 S.E.2d 698 (1984), wherein we held: "Parties in a magistrate hearing are entitled to rely on the magistrate's verdict as the final and proper disposition of their case." In reaching this decision, the Court reasoned, citing the syllabus in *Johnson v. Rogers*, 110 W. Va. 232, 157 S.E. 409 (1931),[12] that "a proper magistrate court decision bars the subsequent relitigation of a lawsuit in circuit court[.]" *Truglio*, 174 W. Va. at 70, 322 S.E.2d at 702.

Petitioner also contends that the causes of action must be the same in order for res judicata principles to apply, and that the causes of action, evidence and burdens of proof in the petitioner's two magistrate complaints were not identical. In support of this argument, petitioner relies upon

---

[10] The Court treated the unpaid wages claims as an amendment to the magistrate court claims. *Id*. at 342, 795 S.E.2d at 64 and Syl. Pt. 3 ("When a party appeals a magistrate court judgment to the circuit court and also files a separate civil action in circuit court arising from the same facts in the case appealed, that new claim should be treated as an amendment to the magistrate court pleading on a *de novo* appeal."). However, we directed that the wrongful termination claim be dismissed as a matter of law as it was not brought in the magistrate court action, and was a new claim which the circuit court had no jurisdiction to hear. *Id*. at 344, 795 S.E.2d at 66 and Syl. Pt. 4 ("A circuit court may not allow an amendment for an additional cause of action, on appeal from a magistrate court judgment, that does not embrace the original magistrate court pleading. An amendment is allowed only to supply any deficiency or omission in the original pleading, not to inject a new item or cause of action not embraced by the original pleading.").

[11] We held in syllabus point three of *State ex rel. DeCourcy v. Dent*, 240 W. Va. 163, 807 S.E.2d 834 (2017), that "[a]n appeal of a civil action tried before a magistrate without a jury under West Virginia Code § 50-5-12(b) (2016) shall be a trial de novo, meaning a new trial in which the parties may present new evidence including witness testimony not presented in magistrate court." Consequently, had petitioner appealed his magistrate court case to the circuit court, he would have been afforded a trial de novo.

[12] *See Johnson*, 110 W. Va. at 232, 157 S.E. at 409 ("When the merits of a controversy are once adjudicated by a court of competent jurisdiction, they are conclusively determined between the same parties as to all matters which were, or might have been, litigated; and this adjudication is binding as an estoppel in all other actions between the same parties, whether commenced before or after the action in which the adjudication was made.").

syllabus point four in *Slider v. State Farm Mut. Auto. Ins. Co.*, 210 W. Va. 476, 557 S.E.2d 883 (2001), wherein the Court held:

> For purposes of *res judicata* or claim preclusion, "a cause of action" is the fact or facts which establish or give rise to a right of action, the existence of which affords a party a right to judicial relief. The test to determine if the issue or cause of action involved in the two suits is identical is to inquire whether the same evidence would support both actions or issues. If the two cases require substantially different evidence to sustain them, the second cannot be said to be the same cause of action and barred by *res judicata*.

Petitioner maintains that magistrate court Case No. 1 alleged breach of a verbal contract, and that he relied upon the Power of Attorney and copies of cashed checks to prove this claim. According to petitioner, for his alleged "extortion" claim, Case No. 2, he attached copies of ten different checks to show that respondent had withdrawn large sums from his bank accounts. Petitioner asserts that because the checks he relied upon for Case No. 2 were not the same checks entered into evidence in Case No. 1, the two cases were not identical. Thus, he contends that both magistrate court cases are "actually and constructively different" from the circuit court complaint in terms of causes of action, evidence, and burdens of proof. He claims he would also need additional evidence to prove the causes of action alleged in the circuit court case, so that case necessarily involves evidence not used in the prior cases.

In contrast, respondent argues that magistrate court Case No. 1 and Case No. 2 arose out of petitioner's claims for monies and duties owed to him by respondent for dealings between July 2015 and January 2017. Relying upon this Court's decision in *Dan Ryan Builders, Inc. v. Crystal Ridge Development, Inc.*, 239 W. Va. 549, 803 S.E.2d 519 (2017) (reiterating *Slider* test for purposes of determining if facts and issues are the same for both actions), respondent argues that "[t]he causes of action in the Circuit Court Complaint, [which include] financial exploitation[,] breach of fiduciary duty, fraud, fraud in the inducement and breach of contract are all claims that the facts supported by the financial transactions heard in Magistrate Court cases." Because the magistrate court cases and the circuit court case "rely upon the same facts, and are virtually identical in terms of time, space, and origin," respondent contends that as was the case in *Dan Ryan Builders*, res judicata prohibits not only the re-litigation of claims that were actually asserted in the prior action, but also precludes "every other matter which the parties might have litigated as incident thereto[.]" *Id*. at 560-61, 803 S.E.2d at 530-31 (quoting, in part, *Blake*, 201 W. Va. at 477, 498 S.E.2d at 49 (quoting Syllabus Point 1, *Sayre's Adm'r v. Harpold*, 33 W. Va. 553, 11 S.E. 16 (1890)). We agree with respondent.

Applying the *Slider* test to the instant case, it is clear that the same evidence petitioner used in both of his magistrate court cases would support his circuit court action. Further, both the magistrate court cases and the circuit court case relate to the same time period and the same dealings between the same parties between July 2015 and January 2017. Thus, the circuit court claims are based upon the magistrate court claims that were pursued to final judgment and not

appealed. This is exactly what the doctrine of res judicata prohibits.[13] *See Slid*er, 210 W.Va. at 478, 557 S.E.2d at 885, Syl. Pt. 4.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED: May 11, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins

**NOT PARTICIPATING:**
Justice Margaret L. Workman

**CONCURRING, IN PART; DISSENTING, IN PART,**
**AND WRITING SEPARATELY**:
Justice John A. Hutchison

Justice Hutchison, concurring in part and dissenting in part.

In this proceeding the majority opinion concluded that the circuit court was correct in using two dismissed complaints the Petitioner filed in magistrate court, as the basis for applying res judicata to the action filed by the Petitioner in circuit court. I concur in the majority opinion insofar as it found that dismissal of one of the magistrate court cases precluded relitigation of part of the action filed in circuit court. However, I dissent from the majority opinion's conclusion that the second case dismissed by the magistrate precluded litigation of the remaining part of the Petitioner's circuit court complaint.

A few preliminary procedural remarks are in order to properly understand my dissent. To begin, the Petitioner, acting pro se, filed two civil actions in magistrate court on the same day. In one case, No. 17-M37C-00032, the Petitioner sought to recover $10,000.00 from

---

[13] Because we resolve this case by upholding the circuit court's legal determination that res judicata principles bar petitioner's action, we find petitioner's contention that the circuit court erred in this regard to be without merit.

Respondent for allegedly removing said money from Petitioner's Williamstown Bank account.[1] In the second action, No. 17-M37C-00033, Petitioner sought to recover $7,200.00 from Respondent for money Respondent allegedly took from Petitioner's account with Community Bank. The Respondent, through counsel, filed an answer to the Williamstown Bank case and essentially denied that he owed Petitioner any money. The Respondent did not file an answer to the Community Bank case. Instead, the Respondent filed a motion to dismiss the Community Bank case on the grounds that the Petitioner filed this second action in an attempt to circumvent the $10,000.00 jurisdictional limit in magistrate court. An unrecorded hearing was held by the magistrate in both cases on May 1, 2017. At the conclusion of the hearing the magistrate issued an order dismissing the Williamstown Bank case with prejudice. However, in the Community Bank action the magistrate dismissed the case without prejudice. The Petitioner did not appeal either ruling. Instead, Petitioner, through counsel, filed a complaint in circuit court seeking to recover money allegedly taken by Respondent from both banks without authorization.

The circuit court granted the Respondent summary judgment under the doctrine of res judicata. In doing so, the circuit court made two dispositive findings. First, the circuit court found that some of the allegations raised in the complaint were raised in magistrate court in the Williamstown Bank case, which was dismissed with prejudice. Consequently, that part of the complaint seeking recovery of money involved with the Williamstown Bank case could not be relitigated. The majority opinion has affirmed the circuit court ruling on this issue. I concur with the majority on the resolution of this issue. Second, the circuit court found that the complaint also sought to recover money involved in the Community Bank case. Although the Community Bank case was dismissed by the magistrate without prejudice, the circuit court found that the magistrate should have dismissed the case with prejudice. Consequently, the circuit court concluded that the allegations in the complaint seeking recovery of money involved in the Community Bank case could not be relitigated. The majority opinion agreed with the circuit court on this issue. I dissent to the resolution of this issue for the reasons that follow.

Res judicata did not apply to that part of Petitioner's complaint that sought relief for conduct involved in the Community Bank case, because the magistrate dismissed that action without prejudice. This Court has long held that "[a]n order in an action at law which dismisses a defendant without prejudice to the plaintiff to bring a subsequent action upon the same cause of action against the same defendant will not sustain a plea of res adjudicata as to the same defendant in a subsequent action on the same cause of action." Syl. pt. 2, *Charleston Nat. Bank v. Hulme*, 117 W. Va. 790, 188 S.E. 225 (1936). See *Dimon v. Mansy*, 198 W. Va. 40, 45 n.3, 479 S.E.2d 339, 344 n.3 (1996) ("a dismissal under Rule 41(b), unless it is expressly stated to be without prejudice, will generally bar a subsequent action on the claim under the principles of res judicata."); Syl. pt. 2, in part, *Sattler v. Bailey*, 184 W. Va. 212, 400 S.E.2d 220 (1990) ("a subsequent action in a state court on the state claim which would have been dismissed, without prejudice, in the prior federal action is not barred by the doctrine of res judicata."); Syl. pt. 5, in

---

[1] The Petitioner believed that he was entitled to more money in this claim, but he was willing to limit his recover to the jurisdictional limit in magistrate court. See W.Va. Code § 50-2-1 (2016) (setting limit at $10,000.00).

11

part, *Sprouse v. Clay Commc'n, Inc.*, 158 W. Va. 427, 211 S.E.2d 674 (1975) ("the dismissal of an action under Rule 12(b)(6) W.Va. RCP for failure to state a claim upon which relief can be granted shall be a bar to the prosecution of a new action grounded in substantially the same set of facts, unless the lower court in the first action specifically dismissed without prejudice."). Res judicata requires a final adjudication on the merits. Dismissal without prejudice is not a final disposition on the merits of an action. See Syl. pt. 4, *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W. Va. 469, 498 S.E.2d 41 (1997) ("Before the prosecution of a lawsuit may be barred on the basis of res judicata, three elements must be satisfied. First, *there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings*. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.").

In order for the circuit court to apply res judicata to Petitioner's Community Bank claims, the dismissal by the magistrate had to be with prejudice. The record is clear that the magistrate did not dismiss that claim with prejudice. However, the circuit court sua sponte found that the magistrate should have dismissed the case with prejudice, "because the matters had been factually and legally argued before the Magistrate in the companion case[.]" The first problem with this sua sponte determination by the circuit court is that there is nothing in the record to support its finding that the matters "factually and legally" argued in the magistrate court on the Community Bank case were being argued in the circuit court case. As I previously pointed out, there was no transcript or recording of the hearing in magistrate court. Neither the circuit court nor the majority opinion know what the Petitioner argued to the magistrate, to cause it to dismiss the case without prejudice.

For example, the magistrate could have based its dismissal of the Community Bank case under Rule 15(b) of the Rules of Civil Procedure for the Magistrate Courts of West Virginia. This rule states:

> In addition to other grounds for dismissal as provided by law, the magistrate shall dismiss an action without prejudice where:
> ***
> (b) The defendant fails to file an answer and the plaintiff fails to move for a default judgment within 6 months of service of the summons and complaint upon defendant.

Rule 15(b) is clear in requiring a magistrate to dismiss an action without prejudice if a defendant fails to file an answer and the plaintiff does not timely move for default judgment. The majority opinion has pointed out that the Respondent did not file an answer to the Community Bank case. Instead, the Respondent filed a motion to dismiss. Unlike Rule 12 of the Rules of Civil Procedure for circuit courts, the Rule 12 of the Rules of Civil Procedure for the magistrate courts does not authorize a defendant to file a motion to dismiss without having first filed an answer to a complaint. Consequently, the magistrate could have dismissed the Community Bank case under Rule 15(b) because of the Respondent's failure to file and answer and the absence of a motion for default judgment by the Petitioner. See Robin Jean Davis and Louis J. Palmer, Jr., "*Handbook on the Rules of Civil Procedure for West Virginia Magistrate Courts*," § 15, pg. 187-88 (2010) ("Any dismissal

under Rule 15 must be made without prejudice. This disposition permits a party to seek reinstatement of the case or file a new action if the statute of limitations has not run.").[2]

Moreover, assuming for the sake of argument, that the Community Bank case should have been dismissed with prejudice, neither the circuit court nor the majority opinion cited to any legal authority that permitted the circuit court to change the dismissal to "with prejudice." This Court long ago addressed the issue of a circuit court's authority to find that a lower tribunal erroneously dismissed a case without prejudice. This issue was addressed in the context of a dismissal without prejudice by a justice of the peace, in syllabus point 1 of *Parsons v. Riley*, 33 W. Va. 464, 10 S.E. 806 (1890):

> Where an action for damages for breach of the conditions of a written contract is brought before a justice, and upon a general denial by the defendant of the complaint the justice hears the case upon the evidence and arguments of counsel, and *enters a judgment dismissing the plaintiff's suit for failure to prove the execution of the contract sued on*, with costs, he cannot, by adding the words "without prejudice to a new suit," authorize a new suit for the same cause of action.

Under *Parsons* if the dismissal order of a court shows that the merits of the case were addressed, the order may be treated as a dismissal with prejudice, even if it states otherwise. See *Krohn, Fechheimer & Co. v. Sohn*, 68 W. Va. 687, 70 S.E. 699, 700 (1911) ("The defendant, citing *Parsons v. Riley*, 33 W. Va. 464, 10 S. E. 806, insists that the judgment announced at the trial was one on the merits. The petition and affidavits for appeal do not so show. They show that the judgment then rendered was just that which we have stated it to be--a dismissal by the plaintiffs before any submission of the case for final determination on the merits."). The majority opinion has not relied upon any language in the magistrate court's order that indicates it addressed the merits of Petitioner's Community Bank complaint.[3] Thus, *Parsons* was not authority for the circuit court or the majority opinion to treat the dismissal as being on the merits.

In view of the foregoing I concur in part and dissent in part.

---

[2] See also W.Va. Code § 50-4-12 (1978) ("A magistrate shall dismiss a claim without prejudice if the plaintiff requests such dismissal before trial.").

[3] The majority opinion stated the following:

> By order entered in Case No. 1 [Williamstown Bank], the magistrate court found in respondent's favor, stating that "Plaintiff failed to provide proof by the preponderance of the evidence." By order entered in Case No. 2 [Community Bank], the magistrate court dismissed the action "without prejudice."

This language does not show that Petitioner failed to provide proof by a preponderance of the evidence on his Community Bank claim. That finding, as quoted by the majority opinion, was limited to the Williamstown Bank claim.